**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DEAFUEH MONBO, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>UPPER CHESAPEAKE MEDICAL CENTER, INC., *et al.*,<br><br>Defendants. | Civil Action No. 23-2471 (BAH)<br><br>Judge Beryl A. Howell |

**MEMORANDUM OPINION**

Plaintiffs Deafueh and Juahdi Monbo, who are sisters and proceeding *pro se*, bring this nine-count action against (1) Upper Chesapeake Medical Center, Inc. and seven of its employees, Eskinder Afework, Derek Andrew McCoy, Laurence Marc Edelman, Ashley Kimbel, Rebecca Smith, Dana Saulsbury, and Nick Lomis; (2) Harford Memorial Hospital, Inc. and two of its employees, Adam Rosenblatt and Brian Gregory Larocco; (3) Union Hospital of Cecil County, Inc. and two of its employees, Brittni Jones and Timothy Clarke; (4) Christiana Care Health Services, Inc.; and (5) Harford County Sherriff's Office and its employee Robert Campbell. They assert five federal claims, under 42 U.S.C. § 1983, for (1) "state action," Compl. ¶¶ 93–94, ECF No. 1; (2) false imprisonment, *id.* ¶¶ 95–103; (3) "violations of Plaintiffs' Fourth Amendment rights," *id.* ¶¶ 104–05; (4) "violations of Plaintiffs' Substantive Due Process Rights," *id.* ¶¶ 106–07; and (5) "violations of Plaintiffs' Procedural Due Process rights," *id.* ¶¶ 108–09; and four state law claims for (6) false imprisonment under Maryland common law, *id.* ¶¶ 110–11; (7) "interference with contractual and business relationship," *id.* ¶¶ 112–23 (capitalization omitted); (8) defamation per se, *id.* ¶¶ 124–31; and (9) intentional infliction of emotional distress ("IIED"), *id.* ¶¶ 132–36. Plaintiffs also seek leave to amend the Complaint to

add a tenth claim for conspiracy to interfere with civil rights, in violation of 42 U.S.C. § 1985. *See* Pls.' Mot. for Leave to Amend ("Pls.' Mot. to Amend") at 1, ECF No. 53.

These claims against a total of seventeen defendants arise from each plaintiff's alleged mistreatment on separate days by different defendants. Specifically, as alleged in the Complaint, on August 25, 2020, Deafueh Monbo, after being assaulted by defendant Robert Campbell, arrived in the emergency room of defendant Upper Chesapeake Medical Center, where she was allegedly illegally searched, misdiagnosed with paranoia, provided medical treatment without her consent, and involuntarily admitted into an inpatient facility from August 26 to September 3, 2020. *See* Compl. ¶¶ 52–70. As further alleged, on August 26, 2020, Juahdi Monbo arrived in the emergency room of defendant Harford Memorial Hospital for minor knee surgery, and instead of receiving the treatment expected, she was misdiagnosed with paranoia, provided medical treatment without her consent, and involuntarily admitted into an inpatient facility from August 26 to September 5, 2020. *See id.* ¶¶ 71–83.

Plaintiffs have brought at least four other lawsuits stemming from these same allegations. On November 23, 2020, Deafueh Monbo brought, in Maryland district court, against thirteen of the seventeen defendants named in the instant matter, claims of, *inter alia*, false imprisonment, interference with contractual and business relationship, defamation, and IIED on behalf of herself and Juahdi Monbo. *See* Compl., Monbo v. Upper Chesapeake Med. Ctr., Inc. ("*Monbo I*"), No. 20-cv-3403 (D. Md.), ECF No. 1.[1] The Maryland district court dismissed the action, *sua sponte*, for lack of subject matter jurisdiction, explaining that no federal jurisdiction exists, where "plaintiff does not plead that any federal statutory or constitutional infringement occurred as a

[1] Dana Saulsbury, Brian Gregory Larocco, Harford County Sherriff's Office, and Robert Campbell were not named as defendants. *See* Compl., *Monbo I*, No. 20-cv-3403 (D. Md.), ECF No. 1.

result of the conduct alleged," and no diversity jurisdiction exists, where all parties are citizens of Maryland. *See Monbo I*, No. 20-cv-3403, 2020 WL 7054801, at *2 (D. Md. Dec. 2, 2020).

Approximately a month after *Monbo I* was dismissed, Deafueh and Juahdi Monbo brought a new lawsuit, on January 5, 2021, again in Maryland district court, against fifteen of the seventeen defendants. To fix the deficiencies identified in *Monbo I*, plaintiffs added a federal false imprisonment claim, pursuant to 42 U.S.C. § 1983, to their claims of, *inter alia*, interference with contractual and business relationship, defamation, and IIED. *See* Compl., Monbo v. Upper Chesapeake Med. Ctr., Inc. ("*Monbo II*"), No. 21-cv-4 (D. Md.), ECF No. 1.[2] Acknowledging its jurisdiction over plaintiffs' federal claims, the Maryland district court granted defendants' motions to dismiss on the merits. *See Monbo II*, No. 21-cv-4, 2021 WL 3725990, at *2 (D. Md. Aug. 23, 2021) (acknowledging the court's federal-question jurisdiction); Order (Aug. 23, 2021), *Monbo II*, No. 21-cv-4 (D. Md.), ECF No. 40 (dismissing federal claims with prejudice for failure to state a claim). In relevant part, the § 1983 claims were dismissed because "[a]ll named defendants appear to be private hospitals—Upper Chesapeake Medical Centers, Inc., Harford Memorial Hospital, Inc., Union Hospital of Cecil County, Inc., Christiana Care Health Services, Inc.—and health care providers employed by those hospitals." *Monbo II*, 2021 WL 3725990, at *2. Although plaintiffs "state[d] in a conclusory fashion that these defendants 'acted under color of law,'" this assertion, the court explained, is "a legal conclusion that does not illuminate whether the underlying claims involved state action, a necessary element" of a § 1983 claim. *Id.* Plaintiffs' request to amend their complaint "to add specificity regarding the circumstances giving rise to the Defendants' being State Actors" was rejected because plaintiffs had "already [been] on notice from the dismissal of their earlier complaint in [*Monbo I*] that they

[2] Harford County Sherriff's Office and Robert Campbell were not named as defendants. *See* Compl., *Monbo II*, No. 21-cv-4 (D. Md.), ECF No. 1.

needed to plead state action in order to support a federal claim," have still "not done so," and have failed "in their request to amend" to "offer any specific indication of what facts they could allege to establish that any defendant is a state actor." *Id.* at *2–3 (citation omitted). The court then "decline[d] to exercise supplemental jurisdiction over the remaining state law claims." *Id.* at *3; *see also* Order (Aug. 23, 2021), *Monbo II*, No. 21-cv-4 (D. Md.), ECF No. 40 (dismissing state claims without prejudice).

Almost two years later, on June 18, 2023, plaintiffs brought, in Maryland state court, against sixteen of the seventeen defendants, claims of, *inter alia*, false imprisonment, interference with contractual and business relationship, defamation, and IIED. *See* Compl., Monbo v. Upper Chesapeake Med. Ctr., Inc. ("*Monbo III*"), No. C-12-cv-23-487 (Md. Cir. Ct.).[3] Before briefing on defendants' filed motions to dismiss became ripe, and two days before the instant action was initiated, plaintiffs voluntarily dismissed the state action on the grounds that "[a] federal case has been initiated." Docket Entry (Aug. 2, 2023), *Monbo III*, No. C-12-cv-23-487 (Md. Cir. Ct.).

On August 24, 2023, plaintiffs brought two identical actions, one in Maryland district court, *see* Compl., Monbo v. Upper Chesapeake Med. Ctr., Inc. ("*Monbo IV*"), No. 23-cv-2321 (D. Md.), and the instant action in this Court, having repeatedly struck out in Maryland courts, *see* Compl.; *see also Monbo v. Ct. of Special Appeals of Md.*, No. 23-cv-2205, 2023 WL 8600568, at *1 & n.2 (D.D.C. Dec. 12, 2023) (noting that "[Deafueh] Monbo is a serial state court litigant in Maryland," having filed "at least 26 cases since 2000"). After plaintiffs' interlocutory appeal of a Maryland district court's order requiring plaintiffs to file substantive responses to defendants' motion to dismiss was dismissed, *see* Order of USCA (Mar. 26, 2024),

[3] Robert Campbell was not named as a defendant. *See* Compl., *Monbo III*, No. C-12-cv-23-487 (Md. Cir. Ct.).

*Monbo IV*, No. 23-cv-2321 (D. Md.), ECF No. 56, plaintiffs voluntarily dismissed *Monbo IV*, on the grounds that "[p]laintiffs' case is currently pending in the District of Columbia," Pls.' Notice of Voluntary Dismissal, *Monbo IV*, No. 23-cv-2321 (D. Md.), ECF No. 64. In sum, of the five actions initiated by plaintiffs based on the same underlying facts, only the instant action remains.

Pending in the instant action are four motions to dismiss, filed by: (1) Upper Chesapeake Medical Center, Inc.; Harford Memorial Hospital, Inc.; Eskinder Afework; Derek Andrew McCoy; Laurence Marc Edelman; Ashley Kimbel; Rebecca Smith; Dana Saulsbury; Adam Rosenblatt; and Brian Gregory Larocco ("UM Defendants"), *see* UM Defs.' Mot. to Dismiss, ECF No. 11; (2) Union Hospital of Cecil County, Inc.; Christiana Care Health Services, Inc.; Brittni Jones; and Timothy Clarke ("UH Defendants"), *see* UH Defs.' Mot. to Dismiss, ECF No. 13; (3) Harford County Sherriff's Office and Robert Campbell ("HCSO Defendants"), *see* HCSO Defs.' Mot. to Dismiss, ECF No. 24; and (4) Nick Lomis, *see* Lomis's Mot. to Dismiss, ECF No. 49. Pending, as well, are two plaintiffs' motions, one for leave to file an amended complaint, *see* Pls.' Mot. to Amend, and another to strike the HCSO Defendants' reply supporting their attorneys' notice of appearance, *see* Pls.' Mot. to Strike, ECF No. 48.

For the reasons set forth below, plaintiffs' motions are DENIED and the motions to dismiss by the UM Defendants, UH Defendants, HCSO Defendants, and Lomis are GRANTED, but the UH Defendants' request for a pre-filing injunction against plaintiffs is DENIED.

## I. DISCUSSION

The four sets of defendants move to dismiss on slightly different bases. All defendants move to dismiss for lack of personal jurisdiction, pursuant to Rule 12(b)(2). The UM Defendants, UH Defendants, and Lomis (jointly, "Hospital Defendants") also move to dismiss for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1). In addition, pursuant to Rule

12(b)(6), the UM Defendants and UH Defendants seek dismissal based on *res judicata*, and the UH Defendants and Lomis seek dismissal for failure to state a claim.[4] The UH Defendants, who have now been sued by plaintiffs at least four times based on the facts underlying the instant matter, further seek a pre-filing injunction "to enjoin Plaintiffs from filing any further federal lawsuits against [them] that arise out of the same alleged incident." UH Defs.' Mot. to Dismiss at 9.

A *pro se* complaint must be "liberally construed." *Bowman v. Iddon*, 848 F.3d 1034, 1039 (D.C. Cir. 2017) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Though "held to less stringent standards" than lawyers, *id.* (quoting *Erickson*, 551 U.S. at 94), a *pro se* plaintiff is not excused from complying with applicable procedural rules and still must plead facts that establish jurisdiction, and "'factual matter' that permits the court to infer 'more than the mere possibility of misconduct,'" *Atherton v. D.C. Off. of Mayor*, 567 F.3d 672, 681–82 (D.C. Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009)); *see also Monbo v. Ct. of Special Appeals of Md.*, 2023 WL 8600568, at *2. Plaintiffs have failed to meet even these "liberal" standards and thus defendants' motions to dismiss are granted.

The Court's subject matter jurisdiction over this action and personal jurisdiction over the defendants are first considered, before turning to defendants' arguments regarding *res judicata*,

---

[4] In the alternative to dismissal, the UM Defendants have moved for summary judgment. In general, a court must treat a Rule 12 motion to dismiss as a Rule 56 motion for summary judgment if it considers "matters outside the pleadings," Fed. R. Civ. P. 12(d), excluding "any documents either attached to or incorporated in the complaint and matters of which the court may take judicial notice," *N. Am. Butterfly Ass'n v. Wolf*, 977 F.3d 1244, 1249 (D.C. Cir. 2020) (alterations in original accepted and citation omitted). Except for court documents, of which the Court may take judicial notice, *see Covad Commc'ns Co. v. Bell Atl. Corp.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005) (explaining that a court may take "judicial notice of facts on the public record," including opinions issued by other courts), no materials outside of the pleadings were considered. The UM Defendants' pending motion thus need not be converted to a motion for summary judgment.

plaintiffs' motion for leave to amend, and the UH Defendants' request for a pre-filing injunction.[5]

### A. Subject Matter Jurisdiction

Federal courts are "courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (citation omitted). "[F]orbidden . . . from acting beyond [their] authority," *NetworkIP, LLC v. Fed. Commc'n Comm'n*, 548 F.3d 116, 120 (D.C. Cir. 2008), federal courts "have an affirmative obligation to consider whether the constitutional and statutory authority exist for us to hear each dispute," *James Madison Ltd. v. Ludwig*, 82 F.3d 1085, 1092 (D.C. Cir. 1996) (citation omitted). Absent subject-matter jurisdiction, a case must be dismissed. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006); *see also* Fed. R. Civ. P. 12(h)(3).

"The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332." *Arbaugh*, 546 U.S. at 513. Section 1331 provides for "[f]ederal-question" jurisdiction and is properly invoked when a plaintiff "pleads a colorable claim 'arising under' the Constitution or laws of the United States." *Id.* (quoting 28 U.S.C. § 1331). Section 1332 provides for "[d]iversity of citizenship" jurisdiction and is properly invoked when a plaintiff "presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000." *Id.* (quoting 28 U.S.C. § 1332).

---

[5] Plaintiffs' objection to the appearance of Kevin Karpinski and Karpinski, Cornbrooks & Karp, P.A. as counsel for the HCSO Defendants, which involves interpretation of Maryland state law, is overruled, *see* Pls.' Obj., ECF No. 18, and plaintiffs' motion to strike the HCSO Defendants' reply supporting their counsels' notice of appearance is denied, *see* Pls.' Mot. to Strike, for the reasons set out in the Maryland district court's order in *Monbo IV*, overruling identical objections, *see* Order (Jan. 4, 2024), *Monbo IV*, No. 23-cv-2321 (D. Md.), ECF No. 37.

**1. *Hospital Defendants' Challenge to Subject Matter Jurisdiction***

The Hospital Defendants challenge plaintiffs' invocation of both §§ 1331 and 1332. With respect to federal-question jurisdiction, they argue that no federal question exists where the only federal claims are based on 28 U.S.C. § 1983, and the Hospital Defendants are private, not state, actors. *See* UM Defs.' Mem. Supp. Mot. to Dismiss ("UM Defs.' Mem.") at 6, ECF No. 11-2; UH Defs.' Mem. Supp. Mot. to Dismiss ("UH Defs.' Mem.") at 24–27, ECF No. 13-1; Lomis's Mem. Supp. Mot. to Dismiss ("Lomis's Mem.") at 9–12, ECF No. 49-1. To be sure, the question whether defendants are state actors can be treated as jurisdictional, where the face of the complaint makes clear that no defendant could be liable under § 1983. *See Goros v. Cnty. of Cook*, 489 F.3d 857, 860 (7th Cir. 2007) (explaining that "some theories are such piffle" or "frivolous" that "they fail to make out claims arising under federal law" and "must be dismissed for want of jurisdiction" (citation omitted)); *see, e.g.*, *Akers v. Mooring Fin. Corp.*, No. 16-cv-2511, 2016 WL 10662496, at *1 (D.D.C. Dec. 23, 2016); *Jenkins v. Lennar Corp.*, 216 F. App'x 920, 921–22 (11th Cir. 2007). Here, however, plaintiffs allege that the Hospital Defendants "acted under color of state law by so closely collaborating with [the HCSO Defendants] in the detention, evaluation, treatment of Plaintiffs as to make their actions indistinguishable from the State's." Compl. ¶ 94. The state action question is thus not "so clearly lacking as to make the federal question insubstantial for jurisdictional purposes." *Alberto San, Inc. v. Consejo de Titulares del Condominio San Alberto*, 522 F.3d 1, 3 (1st Cir. 2008).

To be clear, concluding that federal-question jurisdiction exists does not mean that plaintiffs have adequately pleaded state action for purposes of stating a § 1983 claim—as discussed below, they have not. The "fact-bound" state actor question, *Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 939 (1982), is simply better treated as "a merits-related determination,"

*Arbaugh*, 546 U.S. at 511 ("Subject matter jurisdiction in federal-question cases is sometimes erroneously conflated with a plaintiff's need and ability to prove the defendant bound by the federal law asserted as the predicate for relief." (citation omitted)); *see, e.g.*, *Abulkhair v. Liberty Mut. Ins. Co.*, 441 F. App'x 927, 929 n.1 (3d Cir. 2011) (explaining that "the section 1983 requirement of state action is not jurisdictional," "is integral to the merits of the claim," and thus "dismissal is only appropriate under Rule 12(b)(6) for failure to state a claim"); *Alberto San, Inc.*, 522 F.3d at 3 (concluding that plaintiff has inadequately pleaded state action, reversing dismissal of § 1983 claim pursuant to Rule 12(b)(1), and dismissing § 1983 claim pursuant to Rule 12(b)(6)); *Monbo II*, 2021 WL 3725990, at *2 ("The plaintiffs do raise claims under three federal statutes, however, which is sufficient to confer federal question jurisdiction under 28 U.S.C. § 1331.").[6]

### 2. *Plaintiffs' Challenge to Consideration of Lomis's Motion to Dismiss*

Plaintiffs argue, as to Lomis, that this Court lacks jurisdiction to decide Lomis's pending motion to dismiss, pursuant to the "divestment doctrine." Pls.' Resp. to Court Order ("Pls.' Resp.") at 1, ECF No. 60. After Lomis failed timely to answer the Complaint, plaintiffs sought and were granted entry of default by the Clerk of the Court. *See* Clerk's Entry of Default, ECF No. 31. On Lomis's motion, the Clerk's Entry of Default was vacated on April 19, 2024, pursuant to Rule 55(c), under which a court may "set aside an entry of default for good cause," based on a finding that Lomis's default was not "a deliberate decision to default," that "no significant prejudice would arise from setting aside the default," and that Lomis's asserted defenses, "if proven at trial, would constitute a complete defense." Min. Order (Apr. 19, 2024) (citation omitted). Pursuant to the Court's Minute Order, Lomis moved to dismiss on May 3,

[6] This finding that federal-question jurisdiction exits, pursuant to § 1331, renders consideration of diversity jurisdiction, pursuant to § 1332, unnecessary.

2024. *See generally* Lomis's Mot. to Dismiss. Rather than oppose Lomis's motion, plaintiffs appealed the Court's Minute Order vacating the Clerk's Entry of Default, *See* Pls.' Notice of Interlocutory Appeal, ECF No. 50, and despite the Court's order, pursuant to *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988), advising plaintiffs of the consequences of failing to respond to Lomis's motion, *see* Order (May 29, 2024), ECF No. 58, plaintiffs still refused to respond, reasoning that their notice of appeal "divested the district court . . . of jurisdiction over the case and conferred jurisdiction of this case onto the [D.C. Circuit]," Pls.' Resp. at 1.

Although plaintiffs are correct that "[t]he filing of a notice of appeal" generally "confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal," "[c]ourts have carved out a few narrow exceptions to this rule, such as where [a party] frivolously appeals, or takes an interlocutory appeal from a non-appealable order." *United States v. DeFries*, 129 F.3d 1293, 1302–03 (D.C. Cir. 1997) (citations omitted); *see also Yah Kai World Wide Enters., Inc. v. Napper*, No. 11-cv-2174, 2016 WL 11129787, at *1 (D.D.C. Aug. 12, 2016) (Brown Jackson, J.) ("It is also settled that a notice of appeal from a non-appealable interlocutory order does not divest the district court of jurisdiction."); *Gilda Indus., Inc. v. United States*, 511 F.3d 1348, 1350 (Fed. Cir. 2008) (collecting cases). "Accordingly, instead of allowing a party to willy-nilly deprive a Court of jurisdiction, thus bringing proceedings to a standstill while a non-appealable ruling wends its way through the appellate process, the Court may disregard the notice of appeal from a non-appealable order and proceed with the case." *Robertson v. Cartinhour*, 691 F. Supp. 2d 65, 74 (D.D.C. 2010) (alterations in original accepted) (quoting *Hammon v. Barry*, 752 F. Supp. 1087, 1092 (D.D.C. 1990)).

By appealing the Court's vacatur of the Clerk's Entry of Default against Lomis, plaintiffs appeal a non-appealable order. The vacatur of default neither "ends the litigation on the merits" nor "leaves nothing for the court to do but execute the judgment," *Banks v. Off. of Senate Sergeant-At-Arms & Doorkeeper of U.S. Senate*, 471 F.3d 1341, 1345 (D.C. Cir. 2006) (citation omitted), and the appeal does not "involve[] a controlling question of law as to which there is substantial ground for difference of opinion," such that "an immediate appeal from the order may materially advance the ultimate termination of the litigation," 28 U.S.C. § 1292(b). To the contrary, plaintiffs' notice of appeal is frivolous, and "[i]t would be a waste of judicial resources to hold this matter in abeyance until the Circuit has the opportunity to review the petition and come to the same conclusion." *Van Allen v. U.S. Dep't of Veteran Affs.*, 925 F. Supp. 2d 119, 121 n.1 (D.D.C. 2013). This is especially true given that Lomis's motion to dismiss raises the same issues as the other defendants' motions, over which this Court retains jurisdiction. Moreover, plaintiffs have clear notice, due to their prior history of unsuccessfully appealing non-appealable orders, that only final orders and certain interlocutory and collateral orders can be appealed. *See, e.g.*, *Monbo v. Evans*, No. 22-1711, 2022 WL 17103777, at *1 (4th Cir. Nov. 22, 2022) (dismissing plaintiffs' appeal of "the district court's order denying their motion to strike the Defendant's attorney, their request for a hearing on the motion, and their request for entry of default judgment in their civil action alleging defamation and [IIED]" because "[t]he order Plaintiffs seek to appeal is neither a final order nor an appealable interlocutory or collateral order"); *Monbo v. Caesar*, No. 22-1544, 2022 WL 4129103, at *1 (4th Cir. Sept. 12, 2022) (dismissing plaintiffs' appeal of "the district court's order denying without prejudice their

motions for default judgment" for lack of jurisdiction). Accordingly, this Court has jurisdiction over Lomis's motion to dismiss.[7]

**B. Personal Jurisdiction**

"Personal jurisdiction is an essential element of the jurisdiction of a district court, without which the court is powerless to proceed to an adjudication." *Jankovic v. Int'l Crisis Grp.*, 494 F.3d 1080, 1086 (D.C. Cir. 2007) (alterations in original accepted and citation omitted). To survive a motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2), plaintiffs must "make a *prima facie* showing of the pertinent jurisdictional facts," *Livnat v. Palestinian Auth.*, 851 F.3d 45, 56–57 (D.C. Cir. 2017) (citation omitted), which showing requires specific factual allegations connecting each defendant to the forum, *see First Chi. Int'l v. United Exch. Co.*, 836 F.2d 1375, 1378 (D.C. Cir. 1988); *see also Erwin-Simpson v. AirAsia Berhad*, 985 F.3d 883, 888 (D.C. Cir. 2021) ("[P]laintiffs have the burden of establishing the court's personal jurisdiction over the defendant." (citation omitted)). While the Complaint's factual allegations must be accepted as true, and all reasonable inferences must be drawn in plaintiffs' favor, *see Bernhardt v. Islamic Republic of Iran*, 47 F.4th 856, 861 (D.C. Cir. 2022), mere conclusory statements and bare allegations are insufficient, *see Livnat*, 851 F.3d at 56–57.

"The Supreme Court has developed two distinct analyses of the circumstances in which a forum state may, consistent with due process, authorize its courts to exercise contact-based personal jurisdiction over a defendant": general jurisdiction and specific jurisdiction. *Erwin-Simpson*, 985 F.3d at 888–89. For general jurisdiction, a plaintiff must show that each defendant is domiciled, headquartered, or incorporated in the District of Columbia, or that each defendant's

[7] Although Lomis's motion to dismiss could thus be granted as conceded, this motion is, instead, granted on the merits, given that Lomis raises the same arguments as the other defendants, to which plaintiffs have responded. *See generally* Pls.' Opp'n to UM Defs.' Mot. to Dismiss, ECF No. 34; Pls.' Opp'n to UH Defs.' Mot to Dismiss, ECF No. 35.

"affiliations with the State are so continuous and systematic as to render them essentially at home in the forum state." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (citation omitted); *see also Erwin-Simpson*, 985 F.3d at 889. For specific jurisdiction, a plaintiff must show, *inter alia*, that each defendant took "some act by which it purposefully avail[ed] itself of the privilege of conducting activities within the [District of Columbia]"; that is, "there must be an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359–60 (2021) (alterations in original accepted and citations omitted).

Plaintiffs do not allege that any of the defendants are domiciled, headquartered, or incorporated in the District of Columbia and thus have made no effort to establish and have not demonstrated general jurisdiction. *See* Compl. at 2–4 (providing a list of defendants' addresses, all of which are in Maryland or Delaware); *id.* ¶¶ 12–28 (alleging that every corporate defendant is either a Maryland or Delaware corporation "doing business in Maryland," that every individual Hospital Defendant is "licensed in the State of Maryland, residing in Maryland, and practicing and doing business in [their] professional capacity" in hospitals located in Maryland, that the HCSO Defendants are located in Maryland). Plaintiffs have also failed to establish specific jurisdiction over any defendant, having failed to allege any acts within, or otherwise related to, the District of Columbia—much less "minimum contacts" "purposefully directed" at the District of Columbia, sufficient "to establish foreseeability that the defendant[s'] conduct and connection with the forum are such that [they] should reasonably anticipate being hailed into court [here]." *Lewis v. Mutond*, 62 F.4th 587, 591 (D.C. Cir. 2023) (alterations in original accepted and citation omitted); *see also Bristol-Myers Squibb Co. v. Superior Ct. of Cal., S.F.*

*Cnty.*, 582 U.S. 255, 265 (2017) ("What is needed—and what is missing here—is a connection between the forum and the specific claims at issue.").

Indeed, except for plaintiffs' alleged citizenship, no allegation in the Complaint has any relation to the District of Columbia.[8] In fact, all the harms are alleged to have occurred in Maryland, including the loss of business and job opportunities due to the alleged detention; the "[l]oss of [plaintiffs'] personal and professional reputation in Maryland, the United States and worldwide"; the "physical injuries suffered by Plaintiffs"; and "the constant fear of getting cancer" due to the CAT scan plaintiffs' underwent in Maryland. Compl. ¶ 90 (delineating damages).

In opposition, plaintiffs argue, for the first time, that "Defendants interfered with a District of Columbia contract." Pls.' Opp'n to UM Defs' Mot. to Dismiss ("Pls.' UM Opp'n") at 4, ECF No. 34; Pls.' Opp'n to UH Defs.' Mot to Dismiss ("Pls.' UH Opp'n") at 4. This belated allegation is insufficient for at least two reasons. First, "a complaint may not be amended by the briefs in opposition to a motion to dismiss." *BEG Invs., LLC v. Alberti*, 85 F. Supp. 3d 13, 26 (D.D.C. 2015) (citation omitted); *see also Williams v. Spencer*, 883 F. Supp. 2d 165, 181 n.8 (D.D.C. 2012) (collecting cases); *Jones v. Ass'n of Am. Med. Colls.*, No. 22-cv-1680, 2023 WL 2327901, at *8 (D.D.C. Mar. 2, 2023) (same). Second, mere allegations of injury in the District of Columbia are insufficient, where, as here, defendants do not conduct or solicit business,

[8] On this point, the adequacy of plaintiffs' allegation that they are citizens of the District of Columbia is seriously in question, given plaintiffs' allegations in numerous prior lawsuits that they are citizens of Maryland and their failure to allege a change in domicile. *See Desmare v. United States*, 93 U.S. 605, 610 (1876) ("A domicile once existing continues until another is acquired."); *Mitchell v. United States*, 88 U.S. 350, 353 ("A domicile once acquired is presumed to continue until it is shown to have been changed."); *see also Monbo I*, 2020 WL 7054801, at *1 ("Plaintiff admits that she is a resident of Maryland and that all named defendants are also residents of Maryland."); *Monbo II*, 2021 WL 3725990, at *2 (concluding that no diversity jurisdiction existed where "plaintiffs, who are residents of Maryland, assert primary state law claims against a host of defendants, all but one of whom are residents of Maryland" (citations omitted)); Docket, *Monbo III*, No. C-12-cv-23-487 (Md. Cir. Ct.) (providing a Maryland address for plaintiffs in an action dismissed only two days before the instant action was filed). Instead, plaintiffs' Complaint suggests an attempt to forum shop.

"engage[] in any other persistent course of conduct," or derive any revenue—much less "substantial revenue"—from "services rendered, in the District of Columbia." *GTE New Media Servs. Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1347 (D.C Cir. 2000) (quoting D.C. Code Ann. § 13-423(a)); *cf. Monbo v. Ct. of Special Appeals of Md.*, 2023 WL 8600568, at *2 (dismissing plaintiff's complaint for lack of personal jurisdiction where all the alleged facts "appear to have occurred in Maryland" and "none appear to bear any relation to the District of Columbia").

Accordingly, the Complaint is dismissed pursuant to Rule 12(b)(2) as to all defendants.

**C. Claim Preclusion**

The UM Defendants and UH Defendants further argue that even if personal jurisdiction were found to exist, the § 1983 claims must be dismissed under the doctrine of *res judicata*. *See* UM Defs.' Mem. at 6; UH Defs.' Mem. at 19–21. This argument will be addressed for completeness and as relevant to plaintiffs' motion for leave to amend. Although preclusion, a "non-jurisdictional affirmative defense" that does not affect a court's subject matter jurisdiction, *Johnson v. Interstate Mgmt. Co.*, 849 F.3d 1093, 1098 n.1 (D.C. Cir. 2017), is usually pled in a defendant's answer, courts have allowed parties to assert the defense in a Rule 12(b)(6) motion to dismiss, *see RSM Prod. Corp. v. Freshfields Bruckhaus Deringer U.S. LLP*, 800 F. Supp. 2d 182, 189 (D.D.C 2011).

The doctrine of *res judicata*, which encompasses claim and issue preclusion, bars a court from hearing "repetitious suits involving the same cause of action once a court of competent jurisdiction has entered a final judgment on the merits." *United States v. Tohono O'Odham Nation*, 563 U.S. 307, 315 (2011) (citation omitted); *see also Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). Its purpose is to "protect against 'the expense and vexation attending multiple lawsuits, conserve judicial resources, and foster reliance on judicial action by minimizing the

possibility of inconsistent decisions.'" *Taylor*, 553 U.S. at 892 (alterations in original accepted) (quoting *Montana v. United States*, 440 U.S. 147, 153–54 (1979)).

Claim preclusion "forecloses successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *Id.* (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001)); *see also Drake v. Fed. Aviation Admin.*, 291 F.3d 59, 66 (D.C. Cir. 2022) ("[U]nder *res judicata*, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or *could have been raised* in that action."). Under the doctrine, "a subsequent lawsuit will be barred if there has been prior litigation (1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction." *Smalls v. United States*, 471 F.3d 186, 192 (D.C. Cir. 2006). All four factors are clearly satisfied here. In *Monbo II*, plaintiffs brought, *inter alia*, a § 1983 claim for false imprisonment against the Hospital Defendants, based on the same factual allegations. The Maryland district court, a court of competent jurisdiction, granted defendants' motions to dismiss, dismissing the § 1983 claim on the merits with prejudice. "[A] previous action that resulted in a dismissal under Rule 12(b)(6) for failure to state a claim 'presents a ruling on the merits with a *res judicata* effect' for the purposes of the final judgment requirement." *Middleton v. Dep't of Lab.*, 318 F. Supp. 3d 81, 87 (D.D.C. 2018) (quoting *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987)).

Plaintiffs raise two arguments in response, which are easily dispatched. First, they argue that the order in *Monbo II* was "void ab initio" because a summons was never issued and "none of the Defendants were ever served." Pls.' UM Opp'n at 2, 7, 10, 27; *see also* Pls.' UH Opp'n at 2, 7–10. The record in *Monbo II,* however, illustrates that plaintiffs filed Proof of Service, *see*

Pls.' Proof of Serv., *Monbo II*, No. 21-cv-4 (D. Md.), ECF No. 6, and none of the defendants moved to dismiss based on insufficient service of process, which argument was thus waived, *see* Fed. R. Civ. P. 12(h)(1) (providing that an insufficient service of process defense is waived if not raised in a Rule 12 motion); *see also Raynor v. District of Columbia*, 296 F. Supp. 3d 66, 71 (D.D.C. 2017).

Second, plaintiffs, while conceding that the Hospital Defendants are private entities, argue that the Maryland district court did not consider all the possible ways a private entity can be a state actor, and thus that "the issue of whether Defendants are not State Actors has not been adjudicated on the merits." Pls.' UM Opp'n at 7 (emphasis omitted); *see also* Pls.' UM Opp'n at 14–24; Pls.' UH Opp'n at 7, 14–24. Contrary to plaintiffs' representation, the Maryland district court acknowledged that "the state [can] so dominate[] [a private entity's] activity [so] as to convert it to state action," but ultimately concluded that "there are no allegations in the complaint which plausibly establish" that "the defendant hospitals are state actors." *Monbo II*, 2021 WL 3725990, at *2. To the extent plaintiffs argue that the Maryland district court should have expressly addressed "the four general tests necessary to identify state action," Pls.' UM Opp'n at 7; Pls.' UH Opp'n at 7, plaintiffs are reminded that they raised none of these arguments before the Maryland district court, and that "claim preclusion precludes the relitigation of *claims*, not just *arguments*," *Nat. Res. Def. Council v. Env't Protect. Agency*, 513 F.3d 257, 261 (D.C. Cir. 2008); that is, "claim preclusion is also intended to prevent litigation of matters that *should have been* raised in an earlier suit," *id.* (quoting *SBC Commc'ns Inc. v. Fed. Commc'n Comm'n*, 407 F.3d 1223, 1230 (D.C. Cir. 2005)). Plaintiffs, having alleged "no new facts," are "simply raising a new legal theory," but "[t]his is precisely what is barred by *res judicata*." *Apotex, Inc. v. Food & Drug Admin.*, 393 F.3d 210, 217–18 (D.C. Cir. 2004); *see also Capitol Hill Grp. v. Pillsbury,*

*Winthrop, Shaw, Pittman, LLC*, 569 F.3d 485, 490 (D.C. Cir. 2009) ("[I]t is the facts surrounding the transaction or occurrence which operate to constitute the cause of action, not the legal theory on which a litigant relies." (citation omitted)).

Accordingly, even if personal jurisdiction were found to exist over the defendants—and such jurisdiction does not exist—claim preclusion would bar this case.[9]

**D. Leave to Amend**

Federal Rule of Civil Procedure 15 vests in the district court the discretion to grant or deny an opportunity to amend and instructs that a "court should freely give leave when justice so requires." Fed. R. Civ. P. 15 (a)(2). Leave may be denied, however, when "an apparent or declared reason" exists, "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Here, plaintiffs seek leave to amend to add a claim for conspiracy to interfere with civil rights, pursuant to 42 U.S.C. § 1985, and to "include[] a copy of the District of Columbia contract that Defendants interfered with." Pls.' Mot. to Amend at 1. These amendments would be futile because, as explained above, plaintiffs would still fail to establish personal jurisdiction over each defendant and, even if personal jurisdiction were established, claim preclusion would still bar litigation of the amended complaint. *See Hettinga v. United States*, 677 F.3d 471, 480 (D.C. Cir. 2012) ("A district court may deny a motion to amend a complaint as futile if the proposed claim would not survive a motion to dismiss."); *see also Monbo v. Ct. of Special Appeals of Md.*, 2023 WL 8600568, at *3 (denying leave to amend "[b]ecause Monbo's proposed second amended complaint does not

[9] Defendants' arguments regarding issue preclusion and the merits of plaintiffs' claims thus need not be addressed.

resolve the jurisdiction defects"). Accordingly, plaintiffs' motion to amend their complaint is denied as futile.

**E. Pre-Filing Injunction**

Finally, the UH Defendants seek a "pre-filing injunction . . . to enjoin Plaintiffs from filing any further federal lawsuits against [them] that arise out of the same alleged incident." UH Defs.' Mot. to Dismiss at 9. While plaintiffs' five lawsuits based on the same underlying facts are certainly excessive, and any future lawsuit based on these facts will likely be barred by *res judicata*, the D.C. Circuit has recently made clear that "[p]re-filing injunctions . . . must be a tool of last resort and reserved for those rare and egregious cases in which the frivolous or harassing nature of a litigant's actions threatens the administration of justice or the integrity of the courts." *Klayman v. Porter*, No. 22-7123, 2024 WL 2926826, at *5 (D.C. Cir. June 11, 2024). The Circuit's conclusion that "the filing of six lawsuits across several jurisdiction does not, without more, provide a sufficient predicate for the extraordinary relief of a pre-filing injunction barring litigation in the courts within the D.C. Circuit" and its observation that "[s]ix lawsuits will rarely, if ever, threaten the courts' ability to manage their dockets or disproportionately burden the courts' ability to manage their dockets or disproportionately burden the courts' ability to operate efficiently and fairly" is binding on this Court. *Id.* at *6. According, a pre-filing injunction in this case cannot issue.

**II. CONCLUSION**

For the foregoing reasons, even with all the facts and assumed inferences drawn in their favor, plaintiffs fail to satisfy their burden of establishing personal jurisdiction over each defendant, and even if they were able to establish personal jurisdiction, claim preclusion would bar this action. Plaintiffs' proposed amended complaint does not cure these problems, and thus

amendment would be futile. Accordingly, all the defendants' motions to dismiss the Complaint are **GRANTED**, and plaintiffs' motion for leave to amend is **DENIED**.

Although plaintiffs' five lawsuits based on the same underlying facts are certainly excessive, and any future lawsuit based on these facts will likely be barred by *res judicata*, the D.C. Circuit has recently set a high standard for a pre-filing injunction and that standard is not met here. For this reason, the UH Defendants' request to enjoin plaintiffs from filing any further federal lawsuits arising from the facts underlying this action is **DENIED**.

An order consistent with this Memorandum Opinion will be entered contemporaneously.

Date: June 27, 2024

**BERYL A. HOWELL**
United States District Judge